UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Matthew James Allen,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Robert O'Neill, et al.,<br><br>　　　　　Defendants. | Civil No. 3:20-CV-00854 (JAM)<br><br><br><br>September 17, 2021 |

### RULING AND ORDER ON MOTION TO COMPEL [ECF NO. 29]

　　The Defendants, Hamden Police Officers Robert O'Neill and Andrew Pfeiffer, have moved for an order compelling the Plaintiff, Matthew James Allen, to respond to five interrogatories and eight requests for production. ("Motion," ECF No. 29.) Many, but not all, of these thirteen discovery requests concern Mr. Allen's mental health. (Defs.' First Set of Interrogs. & Reqs. for Prod. to M. Allen, Ex. A to Motion, ECF No. 29-2.) Mr. Allen objects to the Motion, solely on the ground that his mental health records are protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). ("Response," ECF No. 34.) For the reasons that follow, the Court **GRANTS** the Defendants' motion.

　　Mr. Allen is correct that HIPAA ordinarily protects health information from unauthorized disclosure, but a patient can waive that protection by making an issue out of his health in a lawsuit. It is well established that a patient is deemed to have waived the pertinent privilege for records relevant to his or her claims if the plaintiff has placed his or her health at issue in the litigation. *See Romano v. SLS Residential Inc.*, 298 F.R.D. 103, 112 (S.D.N.Y. 2014). "A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit." *Gill v. Gilder*, No. 95 Civ. 7933, 1997 WL 419983, at *3 (S.D.N.Y. July 28, 1997). "[A plaintiff]

1

may not put [his] medical condition at issue, lay the blame for those conditions or injuries on [the Defendants], and simultaneously shield some portions of [his] medical history." *Vargas v. United States*, 401 F. Supp. 3d 346, 348 (E.D.N.Y. 2018).

Mr. Allen's allegations place his mental condition at issue. His statement of claim alleges "long-lasting emotional trauma" as a result of the officers' conduct, "long-lasting damages, trauma, pain and suffering, and infliction of emotional duress arising from the officer's . . . misconduct," and that he "was placed on a psychiatric hold at Danbury Hospital just a few days after the incident, another fact he plans to introduce in an effort to prove damages stemming from the incident." (Compl., ECF No. 1, at 5-7.) The Court concludes that Mr. Allen may not seek protection from HIPAA when he has placed his mental health at issue in this manner.

Mr. Allen also questions why the Defendants would seek records of his past mental health treatment, in addition to his current treatment, but it is well established that such information is discoverable in a case of this nature. Because Mr. Allen has placed his post-incident mental health at issue, the Defendants are "entitled to explore whether the injuries [Mr. Allen] claims resulted from [the Defendants] were in fact caused by someone else or resulted from some pre-existing condition." *Vargas*, 401 F. Supp. 3d at 347–48.

Nor can Mr. Allen seek protection through the common-law psychotherapist-patient privilege, which protects "confidential communications made to licensed psychiatrists and psychologists." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Courts in the Second Circuit have long recognized the general rule that a plaintiff waives the protection of the psychotherapist-patient privilege if he puts his mental condition at issue in the case. *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 127 (D. Conn. 2008); *Tesser v. Board of Educ.*, 154 F.Supp.2d 388, 395 n. 4 (E.D.N.Y.2001). Specifically, a plaintiff typically waives the privilege when he asserts more than

"garden variety" emotional damages. *In re Sims*, 534 F.3d 117, 131–41 (2d Cir. 2008); *Jacobs v. Conn. Cmty. Tech. Colleges*, 258 F.R.D. 192, 196 (D. Conn. 2009). "Garden variety claims refer to claims for 'compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being . . . victimized' . . . or `claim[s] of emotional injury for damages ordinarily associated with a conventional claim for pain and suffering.'" *Jacobs*, 258 F.R.D. at 196.

The fact that Mr. Allen has alleged "infliction of emotional duress" and that he has indicated that he plans to use evidence that he was placed on psychiatric hold to prove his damages moves his claim beyond "garden variety." Affirmatively pleading emotional distress weighs heavily in favor of disclosure. *See In re Consol. RNC Cases*, No. 127, 2009 WL 130178, at *7 (S.D.N.Y. Jan. 8, 2009) (holding that specific allegations of emotional injury do not fit within the category of mere garden variety emotional claims); *Green*, 252 F.R.D. at 129 ("This court agrees with the view that the plaintiff has placed her mental or emotional state in issue by asserting claims for both negligent and intentional infliction of emotional distress, and by seeking damages for severe emotional distress."). Unlike a non-specific claim for pain and suffering, Mr. Allen alleges that he suffered and continues to suffer from a mental health condition that he claims is causally connected to the Defendants' conduct. Thus, the psychotherapist-patient privilege would not validly excuse Mr. Allen from complying with the Defendants' mental health-related discovery requests.[1]

Because Mr. Allen's sole objection is not valid under the facts of his case, the Defendants' motion is **GRANTED**. Mr. Allen is **ORDERED** to comply with Defendants' Interrogatories 6,

---

[1] The Court also notes that, had Mr. Allen's privilege claims been substantively valid, he would have been required to log them in a privilege log that complies with Rule 26(e) of the Local Rules of Civil Procedure for the District of Connecticut.

7, 10, 19 and 22, and Requests for Production 1, 2, 4, 5, 6, 7 and 8, by October 1, 2021.  *See* D. Conn. L. Civ. R. 37(d) ("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order."). With respect to Request for Production 1, 4, 5, 7 and 8, Mr. Allen may comply by either (a) obtaining all of the documents at his own expense and providing them to the Defendants' counsel, or (b) executing the HIPAA authorization that the Defendants sought in Request for Production 9, which they will then use to obtain the records at their expense.  If he chooses to execute an authorization, the Defendants shall provide him with copies of any documents that they obtain through use of that authorization, and shall afford him a reasonable opportunity to designate documents "CONFIDENTIAL" under the Standing Protective Order.  (ECF No. 4.)

If Mr. Allen wishes to withdraw the claims that have rendered this information discoverable, he may file a motion for leave to amend his complaint to effectuate that withdrawal on or before October 1, 2021.  *See In re Sims*, 534 F.3d at 135 (noting that "a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege").  Should he choose to do so, his duty to comply with Interrogatories 6, 7, 10, 19 and 22, and Requests for Production 1, 4, 5, 7 and 8 will be held in abeyance until the Court rules upon the motion for leave to amend.

This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery."  D. Conn. L. Civ. R. 72(C)(2).  As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2.  It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

Dated at Hartford, Connecticut this 17th day of September, 2021.

                                                    */s/ Thomas O. Farrish*
                                                     Thomas O. Farrish
                                         United States Magistrate Judge